FILED

2011 May-10  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )**CASE NO. 2:10-CR-00475-AKK-TMP** |
| | ) |
| **JAMES L. SNYDER** | ) |

### GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through United States Attorney Joyce White Vance and Assistant United States Attorney Daniel J. Fortune, and submits this sentencing memorandum for the Court's consideration in determining an appropriate sentence for the defendant, James L. Snyder.  For the reasons stated below, the Government recommends a Guidelines sentence of 120 months to be followed by supervised release for a term of Life.

### INTRODUCTION

On February 15, 2011, the defendant pleaded guilty to two counts involving the Attempted Enticement of a 14 year old female and an 11 year old female to Engage in Illegal Sexual Activity.  *See* Cr. Dckt. Rpt. #2:10-cr-00475-AKK-TMP. The government and the defendant did receive the presentence investigation report ("PSR") timely, and sentencing is scheduled for May 17, 2011.  The PSR, in paragraph 58, correctly calculated the criminal history category of I and a Guidelines sentencing range for imprisonment of 120 months as determined by U.S.S.G. § 5G1.1(b).  The defendant has not filed material objections to the

allegations of fact in the advisory Guidelines range calculations, and therefore the defendant is deemed to have admitted those facts. *United States. v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006). The Sentencing Guidelines, moreover, recommend imposition of the maximum term of supervised release, Lifetime, for the defendant who has committed a sex offense. *See* U.S.S.G. § 5D1.2(b)[1]. The government requests the Court impose the 10 year statutory mandatory minimum term of imprisonment followed by a lifetime term of supervised release in light of the Guidelines, Guidelines Policy Statements, and 18 U.S.C. § 3553(a) factors.

## ARGUMENT

**The Correct Guidelines Range is 120 Months (10 years) imprisonment followed by lifetime supervised release, and such a sentence is reasonable.**

This defendant demonstrated a very dangerous and aberrant sexual disorder by using the internet to make arrangements to engage in sexually explicit conduct with whom he thought to be a real 14 year old female child and a real 11 year old child. *See* pgs. 4-6 of PSR. The defendant communicated on-line, expressed the thought that a prepubescent child performing oral sex was beautiful, and then traveled from Chicago, Illinois to Birmingham, Alabama to pay $300.00 to rape[2] a 14 year old female child and to rape an 11 year old female child. *Id*. Although an

---

[1] Application Note 1 specifically includes a sex offense perpetrated against a minor under chapter 117 of title 18, United States Code (18 U.S.C. § 2422(b) is within chapter 117), and a "Minor" means an individual whether fictitious or not, who a law enforcement officer represented to the defendant had not attained the age of 18 years and could be provided for the purposes of engaging in sexually explicit conduct. U.S.S.G. § 5D1.2(b).

[2] In Alabama, the defendant engaging in sexual activity with a 14 year old and/or 11 year is rape, in violation of Ala. Code §§ 13A-6-61 and 13A-6-62 (1975).

"actual child" was not raped this time, that lucky outcome was not for want of effort or intent on the part of this defendant.  This defendant's effort and intent merits a 10 year term of imprisonment followed by a lifetime term of supervised release, and is reasonable in light of the Guidelines, Guidelines Policy Statements, and  18 U.S.C. § 3553(a) factors.

Individuals that use the internet in violation of 18 U.S.C. § 2422(b) are consistently sentenced to a term of 10 years imprisonment followed by a lifetime term of supervised release.  *United States v. Tracy Shawn Guthrie*, 2:10-cr-00452-AKK-TMP (On May 5, 2011, Guthrie, who was 34 years old with absolutely no criminal history, was sentenced to 10 years followed by lifetime supervised release).  *United States v. Thomas Henry Pippitt*, 2:10-cr-00330-KOB-RRA (Pippitt had no legs because of a serious medical condition from birth, Arthorogryposis, and Pippitt actually never traveled to meet the child but mailed a camera to what he thought was a 14 year old child. Pippitt sentenced to 10 years followed by lifetime supervised release).  *United States v. Charles William Elliott*, 6:09-cr-0049-KOB-RRA (Elliott drove from Walker County to meet what he thought was a 14 year old child.  Elliott sentenced to 10 years imprisonment followed by lifetime supervised release).  A sentence of 120 months followed by a lifetime term of supervised release would avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(6).

Having correctly calculated the Guidelines range as 120 months to be followed by a Lifetime term of supervised release, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a).[2] The requirement is "not merely that a sentencing court . . . be stingy enough to avoid [a sentence] that is too long, but also that it be generous enough to avoid one that is too short." *United States v. Irey*, 612 F.3d 1160, 1167 (11th Cir. 2010) (en banc).

The recommended sentence appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Those considerations reflect "the 'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *Irey*, 612 F.3d at 1206. The Eleventh Circuit has explained that "[b]ecause

---

[2]Section 3553(a) requires the Court to consider the following factors in determining the appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (5) any pertinent Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of the crime varies directly with the harm it causes or threatens. "It follows that the greater the harm the more serious the crime, and the longer the sentence should be." *Id.* A sentence of 120 months followed by a lifetime term of supervised release would "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). The defendant is a dangerous sex offender, because he is willing to travel and pay $300.00 to rape a prepubescent child.

As acknowledged in paragraph 57 on page 12 of the PSR, the Court could sentence the defendant to a term of Life imprisonment. *See also* 18 U.S.C. § 2422(b). However, the government requests the Court to impose a more lenient sentence of 120 months of imprisonment, which is consistent with all the factors enumerated within 18 U.S.C. § 3553(a) that includes consideration of the Guidelines and the kinds of sentences available. The recommended sentence of 120 months imprisonment followed by a lifetime term of supervised release is within the Guidelines range, and therefore reflects the kinds of sentences and the sentencing range established by the Sentencing Commission in its Guidelines and policy statements. *See* 18 U.S.C. § 3553(a)(3)-(5).

"Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Supervised

release is not a punishment in lieu of incarceration. *United States v. Granderson*, 511, U.S. 39, 50 (1994).  If being on supervised release were the punitive equivalent of being in prison, if it served the just deserts function as well, there would be no need to put most criminals in prison we could put them on supervised release instead. *United States v. Irey*, 612 F.3d 1160, 1210 (2010).  The life term recommendation contained in Section 5D1.2(b) reflects powerful evidence indicating that recidivism rates for sex offenders do not appreciably decline as offenders age. *See* H.R. Rep. No. 107-527, at 2 (2002) (discussing the merits of a life term of supervised release for sexual offenders).  Because, in sex crimes cases, there is no reason to believe that the need for supervision inherently decreases with time, Congress found lifetime supervised release to be appropriate and directly inserted such a recommendation into the Guidelines.  *Id.*  More specifically, passage of 18 U.S.C. § 3583(k) recognized the long-standing concerns of  Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison.  Many of these offenders need long term or lifetime monitoring and oversight.  H.R. CONF. REP. NO. 108-66, at 49-50 (2003), *reprinted in* 2003 U.S.C.C.A.N. 683, 684.

## CONCLUSION

When the Court considers all of the factors enumerated in 18 U.S.C. § 3553(a), the Guidelines and Guidelines Policy Statements, a Guidelines sentence of 120 months imprisonment followed by a Lifetime term of supervised release is the reasonable and appropriate sentence.   Such a sentence generally deters the behavior exemplified by the defendant(s), imposes a reasonable sentence given the defendant(s)' criminal conduct and criminal history, imposes a sentence that will promote respect for the law, considers the kinds of sentences available and the sentencing range established by the Guidelines, will protect the public from further crimes of the defendant, and will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Respectfully submitted this 10th day of May, 2011.

JOYCE WHITE VANCE
United States Attorney
*/s/ Daniel J. Fortune*
DANIEL J. FORTUNE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court, Northern District of Alabama, on this 10th day of May, 2011 using the CM/ECF filing system.

/s/ Daniel J. Fortune
DANIEL J. FORTUNE
Assistant United States Attorney